**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE MINISO GROUP HOLDING LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-09864-ER |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNDERWRITER DEFENDANTS'**
**JOINDER IN MINISO AND THE PUGLISI DEFENDANTS'**
**<u>MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>**

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

*Attorneys for Defendants Goldman Sachs*
*(Asia) L.L.C. and BofA Securities, Inc.*

The Underwriter Defendants join in the motion to dismiss the Second Amended Complaint ("SAC") (ECF No. 60) filed by MINISO and the Puglisi Defendants (the "Motion") (ECF No. 62), and write separately to address the SAC's sole claim against the Underwriter Defendants.[1]

## PRELIMINARY STATEMENT

Plaintiffs assert only one claim against the Underwriter Defendants:  an alleged violation of Section 11 of the Securities Act of 1933.  Section 11 claims can only be predicated on material misstatements and omissions in a registration statement.  15 U.S.C. § 77k(a).  All of the voluminous recitations of oral statements, statements from documents and SEC filings other than MINISO's registration statement, and allegations about those statements are therefore irrelevant to the Section 11 claim.

But the SAC states no claim against the Underwriter Defendants because, despite its unwieldy length, the SAC alleges no facts establishing that any statement in MINISO's registration statement was false or misleading—a pleading failure that the SAC's overwritten verbiage, inscrutable organization, and multiple internal cross-references all seek to obscure.

The Section 11 claim against the Underwriter Defendants fails as a matter of law.  They should be dismissed from this case.

## ARGUMENT

The Underwriter Defendants join in Sections I (no false statement) and III (no causation) of MINISO and the Puglisi Defendants' Motion and adopt those arguments as if set forth here in full.  Indeed, Plaintiffs' Section 11 claim is particularly flawed for the following additional reasons.

---

[1] Any terms not defined herein have the same meaning as in the Motion.  "Ex. __" refers to the exhibits attached to the Declaration of Robert A. Fumerton in Support of MINISO and the Puglisi Defendants' Memorandum of Law, dated June 23, 2023 (ECF No. 63).

A.    **Heightened Pleading Standards Apply Because the Section 11 Claim "Sounds in Fraud"—But It Fails Even Under Rule 8**

Because the Section 11 claim "sound[s] in fraud," the heightened pleading requirements of Rule 9(b) and the PSLRA apply. *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 440 (S.D.N.Y. 2014) (Ramos, J.). Plaintiffs' boilerplate disclaimers of any alleged fraudulent intent (SAC ¶¶ 229, 328) are irrelevant where, as here, "the wording and imputations of the complaint are classically associated with fraud." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004) (applying heightened pleading standard to plaintiff's Section 11 claim).[2] In fact, Plaintiffs have chosen to copy-and-paste entire sections of their explicitly fraud-based Exchange Act claims—not asserted against the Underwriter Defendants—into the Securities Act portion of the SAC,[3] and *every* statement Plaintiffs allege to be false under the Securities Act is also alleged to be false under the Exchange Act for the very same reasons.[4] There is therefore no question that Rule 9(b) and the PSLRA apply. *See In re Farfetch Ltd. Sec. Litig.*, 2021 WL 4461264, at *8 n.3 (S.D.N.Y. Sept. 29, 2021) (subjecting claims to Rule 9(b) because "[e]very statement that Plaintiffs allege to be false or misleading under the Securities Act they also allege to be false and misleading for the same reasons under the Exchange Act"), *aff'd sub nom. IAM Nat'l Pension Fund v. Farfetch Ltd.*, 2023 WL 2879304 (2d Cir. Apr. 11, 2023);

---

[2] *See* SAC ¶¶ 283, 311 (alleging that the "foundational narrative" of MINISO's business model was a "*lie*" meant to "*trick[]* the markets" and "*conceal[]* . . . from investors" that stores "are *secretly* owned and operated by the Company") (emphases added).

[3] *Compare* (i) SAC ¶¶ 57-60, 107-10, 121-22, *with* SAC ¶¶ 264-73; (ii) SAC ¶¶ 21-28, 41-48, *with* SAC ¶¶ 248-55, 274-81 (confidential witness allegations); (iii) SAC ¶¶ 49-52, *with* SAC ¶¶ 282-85 (allegations concerning short seller report); and (iv) SAC ¶¶ 53-55, *with* SAC ¶¶ 286-89 (allegations concerning Plaintiffs' investigation).

[4] *Compare* (i) SAC ¶¶ 107 *with* ¶¶ 268; (ii) SAC ¶ 121 *with* ¶ 272.

2

*Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 408 (S.D.N.Y. 2020) ("Because Plaintiffs' claims sound in fraud, they must also satisfy the heightened pleading requirements of Fed R. Civ. P. 9(b) and the PSLRA.").

Rule 9(b) requires that a plaintiff "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). The PSLRA further requires a plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading," and all facts that form a plaintiff's basis for believing that the statement is misleading. 15 U.S.C. § 78u-4(b)(1). But even under the lower Rule 8 pleading standard, a plaintiff is required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Despite its length, the SAC barely mentions the Underwriter Defendants, much less identifies facts establishing how any statements in the registration statement are false or misleading. "[E]ven under the lenient pleading standards of Rule 8(a), [Plaintiffs'] allegations are insufficient to support falsity under Sections 11 . . . of the Securities Act." *Coronel v. Quanta Cap. Holdings Ltd.*, 2009 WL 174656, at *13 (S.D.N.Y. Jan. 26, 2009); *In re TVIX Sec. Litig.*, 25 F. Supp. 3d 444, 456 (S.D.N.Y. 2014), *aff'd sub nom. Elite Aviation LLC v. Credit Suisse AG*, 588 F. App'x 37 (2d Cir. 2014) (dismissing Section 11 claims where plaintiffs "failed to plead plausibly that the disclosure provided was misleading, or that omissions . . . were material").

The SAC fails as a matter of law under Rule 9(b), the PSLRA, and Rule 8.

**B.    The SAC's "Puzzle Pleading" Belies Its Lack of Facts Required To Plead A Section 11 Claim**

The Motion explains why the SAC's impermissible puzzle pleading is, by itself, sufficient to warrant dismissal. Mot. at 9 n.4. That pleading tactic is especially egregious as to the Section

3

11 claim.  The SAC devotes 12 pages to numerous quotes (and snippets of quotes) from the registration statement.  SAC ¶¶ 264-67, 269-71.  But rather than pointing to specific facts showing why any of these statements was supposedly false or misleading, Plaintiffs point to paragraphs 268, 272, and 273 in an effort to somehow show, in one fell swoop, that *all* of these statements were false and misleading.   Those three paragraphs, in turn, cross-reference "§III.D.4.a," "§III.D.4.b," and "§III.D.4.c."  SAC ¶¶ 268, 272, 273.  And when those three sections of the SAC are reviewed, they offer an undifferentiated mass of words, apparently intended to look like allegations of relevant facts, but with no attempt to connect them to specific statements in the registration statement.  SAC ¶¶ 274-81 (§III.D.4.a); ¶¶ 282-85 (§III.D.4.b); ¶¶ 286-89 (§III.D.4.c).

Other securities cases have been dismissed for considerably less egregious puzzle pleading. *See Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 2017 WL 3891676, at \*3 (D. Del. Sept. 6, 2017) (dismissing complaint that "frequently cross-reference[d] other paragraphs" because the reader cannot "determine precisely which statements (or portions of statements) are alleged to be false or misleading, and the reason why each statement is false or misleading"); *Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 453 (S.D.N.Y. 2008) (holding that "large block quotes from SEC filings and press releases, followed by generalized explanations of how the statements were false or misleading [do] not . . . satisfy the heightened pleading requirements") (citation omitted); *In re Pareteum Sec. Litig.*, 2020 WL 3448526, at \*1-2 (S.D.N.Y. June 23, 2020) (finding that complaints based on "puzzle pleadings" or "shotgun pleadings" failed Rule 8 and Rule 9(b) pleading standards).  The same result is appropriate here.

This pleading tactic is exemplified by paragraph 264.  In that paragraph—which, with its eleven sub-paragraphs (a)-(k), spans *seven pages*—Plaintiffs block quote lengthy portions of the registration statement, including statements such as:

- MINISO had a "flexible business model" and "flexible store operation models";

- It "usually choose[s] MINISO Retail Partners with financial strength and strong local ties who can secure optimal locations for new stores" while also considering "their management ability and industry experience";

- It "focus[es] on long-term sustainability instead of short-term profits";

- "Our contractual agreements with MINISO Retail Partners typically last for 3 years or less"; and

- "Revenue from sales to these retail partners is recognized at the point when they obtain the legal title of the products and become obliged to pay for the products, which is when the retail partners sell the products to their customers in their own retail stores."

SAC ¶ 264 (emphases omitted).

Plaintiffs contend that those statements—like every other statement Plaintiffs quote in that section (SAC ¶¶ 264-67)—are allegedly false for the reasons set out in paragraph 268—which, in turn, cross-references "§III.D.4.a," "§III.D.4.b," and "§III.D.4.c." *See* SAC ¶ 268. But none of those places contains facts showing that MINISO did *not* have a flexible business or store operation model, that it did *not* choose Retail Partners with financial strength and strong local ties, that its contracts with Retail Partners did *not* typically last for 3 years or less, that it did not recognize revenue in the matter described, or that any other statement in the registration statement is false. But that is what is required to state a Section 11 claim. *In re Coty Inc. Sec. Litig.*, 2016 WL 1271065, at *6 (S.D.N.Y. Mar. 29, 2016) (dismissing Section 11 claim where "Plaintiffs have failed to allege that the truthful facts set forth in the Registration Statement claim . . . were misleading"); *In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 120 (S.D.N.Y. 2010) (dismissing Section 11 claims where plaintiffs "offered no concrete facts" showing the falsity of statements).[5] Voluminous verbiage, scrambled by multiple cross-references in an effort to create the illusion of facts, does not state a claim.

---

[5] Although neither the Court nor the parties should need to re-write Plaintiffs' allegations to render them decipherable, if the crux of Plaintiffs' claim is, in fact, an omission theory, nothing in the

Even if the Court could stitch together the SAC's puzzle pleading, the SAC would still fail to state a Section 11 claim because the SAC's individual puzzle pieces have little to do with the registration statement.    For instance, the registration statement described MINISO's global business, but *all* of the purported confidential witnesses claim only to describe their work for MINISO in North America.  Mot. at 13; *see* SAC ¶¶ 248-55, 274-81.  CW2, for example, alleged that some of MINISO's 38 stores in the United States were owned by MINISO.  SAC ¶ 275.  But that is meaningless in light of MINISO's disclosure that it has 2,500 stores in China, and more than 1,680 stores spread across 80 additional countries.  And, in any case, MINISO expressly disclosed to investors that it uses company-owned stores to enter new markets.  Ex. B, Registration Statement at 3, 130-31 (disclosing that in "North America and India, we typically enter the markets by opening and operating stores on our own.").  CW2 thus does nothing to render false the statement in the registration statement that "substantially all of the MINISO stores were operated under the MINISO Retail Partner model in China as of June 30, 2020."  SAC ¶  264(e).  Likewise, the SAC makes clear that two other confidential witnesses (described as "CW3" and "CW6") did not even work at MINISO at the time of the IPO, SAC ¶¶ 250, 253, so they cannot, as a matter of law, support any claims that any disclosure in the registration statement was false when made.  *In re Qudian Inc. Sec. Litig.*, 2019 WL 4735376, at *6 (S.D.N.Y. Sept. 27, 2019).  In short, Plaintiffs' tangled web of allegations does nothing to render false or misleading the statements in the registration statement, which is fatal to its Section 11 claim.

---

SAC explains why these general statements about MINISO's "flexible" model imposed a duty to disclose unrelated facts relating to the identities of those who owned MINISO stores. *Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 719 (S.D.N.Y. 2018) (Ramos, J.) (dismissing claims for lack of falsity because allegedly omitted facts did not contradict any of the statements at issue).

## CONCLUSION

The Underwriter Defendants request that the Section 11 claim (Count III) of the SAC be

dismissed with prejudice.

Dated:  June 23, 2023
       New York, New York

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ Jeff G. Hammel
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  jeff.hammel@lw.com
Email:  jason.hegt@lw.com

*Attorneys for Defendants Goldman Sachs*
*(Asia) L.L.C. and BofA Securities, Inc.*