**MEMO ENDORSED**

# POMERANTZ LLP

**Matthew L. Tuccillo**
Partner

<u>Via ECF</u>                                    March 1, 2024

> Plaintiffs' requests for an extension of time to seek reconsideration, until March 22, 2024, and an extension of time to further amend their complaint, until April 10, 2024, are granted.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 3/4/24
> New York, New York

Hon. Edgardo Ramos
U.S. District Judge
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:    <u>*In re MINISO Group Holding Limited Securities Litigation*</u> (1:22-cv-09864-ER)

Dear Judge Ramos:

I write on behalf of Lead Plaintiff The Nova Scotia Health Employees' Pension Plan and named Plaintiff Adeel Ashraf ("Plaintiffs") and as Lead Counsel in the above-captioned matter. Pursuant to Local Civ. R. 7.1(d) and Your Honor's Individual Practice 1.E., Plaintiffs respectfully request short extensions of two deadlines: (1) a 14-day extension, from March 8 to March 22, 2024, of the Local Civ. R. 6.3 deadline to seek reconsideration of certain aspects of Your Honor's Opinion and Order dismissing the Second Amended Complaint (ECF 95) ("Order") and (2) a 26-day extension, from March 15 to April 10, 2024, of the Order's deadline to further amend.

This is our third such request, after seeking a 2-week extension for pre-motion letter responses in March 2023 and a 6-day extension to respond to Defendants' motion to dismiss filings in August 2023.  There is no impact to the case schedule, as the only scheduled dates were for briefing on the Rule 12(b)(6) motions which have passed and a hearing date on those motions, which was vacated.  Defendants oppose this current request.

Your Honor's Order is detailed and requires analysis and a considerable restructuring and paring down of the dismissed pleading.  We anticipate that its successor will be significantly shorter, if we have sufficient time to apply Your Honor's rulings to the prior allegations while seeking to address Your Honor's detailed guidance as to pleading deficiencies.  At the same time, we have certain bases on which to seek reconsideration, which must be presented, consistent with other cases in which Your Honor has heard similar arguments and adjusted orders.  Such bases here include, but are not limited to, *e.g.*, the failure to account for the SAC's addition (as compared to its predecessor) of named Plaintiff Ashraf in the Court's loss causation analysis.  These issues are best presented in an appropriate motion, with respect to which more time is needed.

Plaintiffs respectfully seek the extension due to an unusual and unexpected confluence of imminent deadlines in Lead Counsel's caseload, including: (i) a court-ordered March 14th deadline to oppose a Rule 12(b)(6) motion seeking dismissal of a 172-page federal securities class action complaint just two weeks after it was received at 1:00 a.m. today; (ii) a court-ordered March 14th deadline, pursuant to Fed. R. Civ. P. 72(b)(2), for written objections to a magistrate judge's 42-page memorandum and recommendation denying class certification in another federal securities matter that entered yesterday afternoon, with ensuring responses to other parties' objections due March 28th; (iii) the prior-scheduled deposition of a non-party, Big 4 external auditor scheduled in

Hon. Edgardo Ramos                                                    March 1, 2024
Page 2

our securities class action and two other securities lawsuits on March 14th; (iv) a court-ordered deadline for two expert reports (accounting and damages) in the same lawsuit on April 5th; (v) the oral argument of the Rule 12(b)(6) motion [item (i)] in California on April 5th.

I can be available to answer the Court's questions and appreciate its time and attention.

Respectfully submitted,

Matthew L. Tuccillo

Counsel of record (via ECF)